UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS AND CEMENT MASONS #90 HEALTH AND WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JMY PLASTERING SPECIALIST, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:22-cv-241-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment, Doc. [16]. Plaintiffs filed this action against Defendant JMY Plastering Specialist, LLC ("Defendant") to recover delinquent contributions (plus interest), liquidated damages, and attorneys' fees and costs owed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2).[1] Doc. [1]. The Clerk of Court previously entered default against Defendant, consistent with Fed. R. Civ. P. 55(a).[2] Doc. [7]. Plaintiffs now seek a default judgment. Doc. [16]. Defendant has not responded to either the entry of default or Plaintiffs' Motion.

Once default has been entered against a defendant, "the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, 4:20-cv-808-SEP, 2020 WL 6483944, at *1 (E.D. Mo. Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-2812-

---

[1] Plaintiffs filed the case on February 25, 2022, Doc. [1], and Defendant was served with the Summons and Complaint on April 5, 2022.  Doc. [5].  Defendant has not filed an answer or otherwise entered an appearance.
[2] Plaintiffs subsequently moved to compel Defendant to submit outstanding fringe benefit remittance reports for the period of April 2021 through April 2022 so that Plaintiffs could determine the contributions and other damages owed. Doc. [8].  The Court granted Plaintiffs' Motion, Doc. [9], and Defendant submitted the required fringe benefit remittance reports that showed no hours worked for the time period of April 2021 through July 2022, Docs. [16-1] at 4–19.

AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)). "With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages . . ., attorneys' fees, and costs." *Id.* at *2. Here, Plaintiffs seek judgment against Defendant in the amount of $134.40 in delinquent fringe benefit contributions; $126.34 in interest; $26.88 in Liquidated Damages; and $5,533.75 in attorneys' fees and costs, totaling $5,821.37. Doc. [16]; [16-1–16-2].

On review of the evidence and affidavits submitted, Defendant owes $134.40 in unpaid contributions from the period of October 2020. Doc. [16-1] ¶ 3; Doc. [1-4]. Plaintiffs seek $126.34 of interest on the unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B), which allows recovery of interest on unpaid contributions calculated at "the rate provided under the plan," or, if unstated, the rate prescribed in 26 U.S.C. § 6621. Plaintiffs do not have a set rate of interest, Doc. [16-1] ¶ 4, so Plaintiffs used the statutory rate provided by 26 U.S.C. § 6621 and calculated an interest rate of four percent. Doc. [16-1] ¶ 4. As such, the Court awards $10.75 in interest.

Plaintiffs also seek liquidated damages, pursuant to 29 U.S.C. § 1132(g)(2)(C), which allow recovery of liquidated damages[3] "provided for under the plan in an amount not in excess of 20 percent." Plaintiffs charge twenty-percent liquidated damages. Doc. [16-1] ¶ 5. Thus, the Court awards Plaintiffs $26.88 in liquidated damages, which equals twenty percent of the unpaid fringe benefit contributions.

Finally, Plaintiffs seek attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D), which allows recovery for "reasonable" attorneys' fees and costs. Based on the evidence presented, Doc. [16-2], "the Court finds that the services performed by plaintiffs' attorneys [] were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and

---

[3] In an ERISA action, a Plaintiff is entitled to liquidated damages where the amount of those damages are greater than the amount of interest on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C).

that the amount sought for attorneys' fees and [] costs is reasonable." *Mid-Am. Carpenters Reg'l Council v. Buildpro STL Constr., Inc.*, 4:22-cv-221-CDP, 2023 WL 2455637, at *1 (E.D. Mo. Mar. 10, 2023).  As such, the Court awards $5,533.75 in attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [16], is **GRANTED**, and Plaintiffs shall recover from Defendant JMY Plastering Specialist, LLC the sum of $5705.78, which comprises the following:

- $134.40 in delinquent fringe benefit contributions;
- $10.75 in interest;
- $26.88 in liquidated damages;
- $5060.25 in attorneys' fees; and
- $473.50 in costs;

A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of March, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE